By the Court.—Sedgwick Ch. J.
It is not necessary to state the pleadings. The decision of the judge below was, without objection, upon the case made by the testimony.
The plaintiff was a corporation, with the business of insuring against loss from explosion of steam-boilers. It made a contract in writing with the defendants by which the latter were made the general managers and agents of the company and its business in certain states. There was the following provision : “ and the said company do promise to pay to the said Anderson & Stanton, a commission of 30 per cent, upon all premiums received by them upon policies issued through their agency, which said amount of 30 per cent, is to be deducted from the monthly accounts to be rendered by them and settled for each month, &c.”
Afterwards the defendants issued to B. Hoe & Co. two policies of insurance upon which was paid the sum of $1,125 as premiums, and upon which the defendants retained as their commissions $337.50, as the 30 per cent, upon the premium. These policies were made for the term of three years. Each contained a clause, that it might be cancelled at any time, at the option of the company, on refunding to the assured a rateable proportion of the premium for the unexpired term of the policy, and the policy might also be cancelled at any time, at the request of . the assured, in which case the company shall first retain the customary short rates for the time the policy has been in force.
*185 Afterwards, and before the end of the term of the policies, by mutual consent of the parties to the agreement, “ it is understood and agreed that the same shall cease and determine upon the first day of January, 1886, and on and from that date be null and void ; but it is also understood and agreed that in no way shall it invalidate any claim that the company shall have against Anderson & Stanton, for unpaid accounts.”
Afterwards the defendants became agents of the Hartford Steam-Boiler Insurance Company, and, as such agents, solicited R. Hoe & Co. to cancel their policies with the plaintiff and take policies in the Hartford Company. R. Hoe & Co. acceded to this, and at their request, and under the terms of the policies of plaintiff, these policies were cancelled, and the plaintiff returned to R. Hoe & Co. the premiums to the amount of $118.13.
On this case the learned judge below directed the jury to find for the plaintiff in the sum of $39.34, being 30 per cent, of the returned - premiums and interest.
The judge was, in my opinion, correct in his ruling, as it was the result of a correct construction of the contract. By the contract the compensation was to be 30 per cent, of the “ premiums received by the defendants upon policies issued through their agency.” The premiums referred to, necessarily mean the premiums as provided in the policies on which they are to be paid. If, as in the policies in question, in the first instance they are specified as being a certain sum, yet if they are subject to a future claim in the policy which' will change the policy and reduce the amount, and the latter is carried into effect, and the amount is reduced, then the premiums on that policy, as a whole, is in the reduced amount.
In the first instance, the higher amount of prem *186 ium being paid, there being no presumption that a change will be made in the policy, it may properly be included in monthly settlements. But in those settlements the item is to be considered according to the fact, and be held subject to future occurrences which may properly reduce the amount. The matter would appear more clearly if the reduction were . to take place before a monthly settlement, and while the defendants remained the agents and managers of the plaintiff. If, on the first day of a month, the premium of $1,125 was paid, and in the middle of the month the policy cancelled, so that they themselves, as managers, returned to the insured $1,000 . of that premium, could it be maintained that on the whole transaction, they received the sum of $125 as premium. And the whole of a transaction is to be considered and not a part by itself, when that part is related to the rest by the nature of things and the interest of the parties.
One difference between this transaction and the one in action is, that the part of the premium returned, was returned after all monthly settlements had been made. If the views that have been expressed are correct, these monthly settlements were not final in those matters that were, in their nature, to be subject to future occurrences, and should be corrected according to those occurrences when they exist. On this point the annulling the agreement did not annul rights that had accrued before. Hercules Mutual Life Assurance Soc. v. Brinker, 77 N. Y. 435.
Another difference is, that the returned premium was returned by the plaintiff itself, and not by the defendants, as in the transaction supposed. Physically, this is correct, but in legal effect, and as to the correction of the account of commissions, the plaintiff being bound to return it by the terms of the policy as issued by the defendants, and as the *187 defendants were in the first instance to receive premiums for the plaintiff, they were bound by the return, as reducing the original amount as efficiently as if they had themselves returned the part premiums.
I, therefore, think that the conclusion of the court below should be sustained.
The defendants urge that there was error in excluding evidence as to a custom among insurers, that agents should not be charged with the amount of the per-centage upon returned premiums in instances like the one in action. I, however, think, that the contract has a conclusive force in its terms that cannot be varied by proof of custom. The proposed proof as to short rates would not have altered the result.
The plaintiff argues, that the defendants continued in their obligations, as agents, after the contract was annulled, and that they violated these obligations in a way that deprived them of. any right to commissions to any amount. Without going into the merits of this, I think it must be seen that if the defendants procured R. Hoe & Co. to require the plaintiff to do'what it had contracted to do, it suffered no damage.
The judgment should be affirmed on each appeal, without costs.
Freedman, J., concurred.